# IN THE COURT OF APPEALS OF IOWA

No. 22-0972
Filed March 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**FRANKLIN ALFREDO BENITES GARCIA,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, John C. Nelson,
District Associate Judge.


        Franklin Benites Garcia challenges the validity of his written guilty plea and
his sentence for a class "D" felony. **CONVICTION AFFIRMED; SENTENCE
REVERSED AND REMANDED.**


        Debra S. De Jong, Orange City, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney
General, for appellee.


        Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

Franklin Benites Garcia appeals from his written guilty plea for operating a vehicle while intoxicated (OWI), third offense, claiming the written plea did not substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(d) and the plea was not entered into knowingly and intelligently.  He also challenges his sentence, arguing the district court failed to provide sufficient reasons for the sentence imposed.  *See* Iowa Code § 321J.2 (2022).  Upon review, we affirm.

I. Background, Facts, and Prior History.

On January 16, 2022, Benites Garcia was arrested for OWI.  In May, he pled guilty to OWI, third offense, a class "D" felony.  *See id.* § 321J.2.  Although the offense involved a felony, Benites Garcia entered his plea of guilty by way of a written guilty plea pursuant to our supreme court's amended coronavirus order which states: "District courts may accept written guilty pleas in nonforcible class 'D' felony cases in the same manner as in serious and aggravated misdemeanor cases."  Iowa Supreme Ct. Supervisory Order, *In re Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* ¶ 11 (Dec. 6, 2021), *as amended* (Dec. 8, 2021), available at https://www.iowacourts.gov/collections/ 698/files/1446/embedDocument/.  Then, Benites Garcia asked the district court for immediate sentencing, waiving some of his rights, specifically his right to challenge the plea.  The court sentenced him to five years in prison, to run consecutively with a separate unrelated charge.  He now appeals.

II. Discussion.

A. Good Cause.

Benites Garcia challenges both his guilty plea and the sentence imposed. But Benites Garcia can only appeal his guilty plea if he can show good cause to do so. *See* Iowa Code § 814.6(1)(a)(3). "[W]hat constitutes good cause is context specific"; "good cause" means a "legally sufficient reason." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). "A legally sufficient reason to appeal as a matter of right is a reason that, at minimum, would allow a court to provide some relief on direct appeal." *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021). When a defendant pleads guilty and waives the right to file a motion in arrest of judgment, he or she is barred from appellate relief unless the defendant was not adequately advised of the consequences of that waiver. *See id* at 153–54. The court is required to adequately inform the defendant of the necessity of filing a motion in arrest of judgment and the consequences of failing to do so to substantially comply with the requirements of Iowa Rule of Criminal Procedure 2.8(2)(d). *See State v. Vennink*, No. 20-1629, 2021 WL 3378547, at *1 (Iowa Ct. App. Aug. 4, 2021).

Because we employ a substantial-compliance standard in determining if the court complied with Iowa Rule of Criminal Procedure 2.8(2)(d), and here the written plea informed Benites Garcia, we look to that written document that he signed. *See State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003); *see also State v. Barnes*, 652 N.W.2d 466, 467 (Iowa 2002) (finding that signing a written guilty plea that clearly states the substance of the rule requirements is sufficient to properly inform the defendant). The written guilty plea states:

I understand that by asking the court to impose sentence immediately that I waive my right to challenge the Plea of Guilty which I have hereby entered. Failing to file a Motion in Arrest of Judgment will prevent me from ever challenging the court's acceptance of my plea(s) of guilty.

In several court of appeals decisions, this court has stated that omitting the word "appeal" in this section of a written plea, combined with the district court failing to orally inform the defendant that waiving the right to a motion in arrest of judgment precludes his or her right to appeal, is failure to adequately inform the defendant. *See Vennink*, 2021 WL 3378547, at *2; *State v. Hursey*, No. 16-0187, 2016 WL 6270000, at *2 (Iowa Ct. App. Oct. 26, 2016); *State v. Ball*, No. 15-1319, 2016 WL 1697071, at *1 (Iowa Ct. App. Apr. 27, 2016). But we have cases finding substantial compliance where the court uses the word "challenge" rather than "appeal." *See State v. Fries*, No. 11-2082, 2012 WL 3590033, at *2 (Iowa Ct. App. Aug. 22, 2012) (holding the use of plain English to explain the motion in arrest of judgment sufficiently notified defendant of the requirements to "challenge" the guilty plea proceedings); *State v. Krabill*, No. 10-1054, 2011 WL 2556038, at *1 (Iowa Ct. App. June 29, 2011). And in *Damme*, our supreme court found that the provisions in the written plea informing the defendant of the need to file a motion in arrest of judgment to attack the validity of the guilty-plea proceeding and listing the proper filing deadlines constituted substantial compliance with rule 2.8(2)(d), even though the word "appeal" was not used. 944 N.W.2d at 108.

Plus here, there was another provision in Benites Garcia's written guilty plea informing him of his rights. The written guilty plea also provided: "I further understand that if I am sentenced immediately, I lose my right to challenge any defect in this plea or plea proceeding by motion in arrest of judgment and *appeal*

to a higher court." (Emphasis added.) Benites Garcia then checked the box that he wanted the court to sentence him immediately.

Thus, we find the written plea signed by Benites Garcia substantially complied with the requirement of informing him of his right to file a motion in arrest of judgment and the consequences for failing to do so and Benites Garcia lacks good cause to challenge his guilty plea. *See Tucker*, 959 N.W.2d at 154.

B. Sentence

We move to Benites Garcia's concerns over his sentencing, which he has good cause to challenge. *See Damme,* 944 N.W.2d at 105 ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). We review challenges to a sentence for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

On this issue, Benites Garcia maintains the sentencing court failed to state the reasons for selecting a "maximum sentence" and for running his sentences consecutively as opposed to concurrently. To evaluate if the court abused its discretion, we look to see if the district court provided particular reasons for the sentence on the record. *See State v. Thacker*, 862 N.W.2d 402, 407 (Iowa 2015). When it is clear based on the district court's statements what prompted and motivated a sentence, a terse and succinct statement is sufficient. *Id.* at 408. In addition, when the sentence imposed falls within the statutory parameters, we presume it is valid and only overturn it for abuse of discretion or a reliance on inappropriate factors. *See State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). Here, it is clear that the sentencing court considered Benites Garcia's age, his past

convictions, the plea agreement, and the purposes of rehabilitation and deterrence. At sentencing, the district court stated that Benites Garcia was "young enough to still have a chance at making something out of this life." And the court noted Benites Garcia had "recognition that alcoholism is an illness," which the court believed was "one of the steps that [Benites Garcia was] going to have to take to put this behind him." Further, the sentencing court also recognized that the plea agreement favorably eliminated the habitual offender enhancement to maximize the opportunity for rehabilitation. We find no abuse of discretion by the sentencing court as to the length of the sentence imposed.

As a last effort, Benites Garcia asserts that the sentencing court abused its discretion by only stating that "[the sentence] will have to be consecutive" when it ordered him to serve the sentence for his OWI consecutive to a sentence Benites Garcia was serving for a different case. Benites Garcia relies on *Hill*, which holds that "[s]entencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." 878 N.W.2d at 275. In *Hill*, the court was resolving a dispute between the parties over the correct sentence. However, in a case where the district court is "giving effect to the parties' agreement," the need for explanation changes. *Thacker*, 862 N.W.2d at 409. In the context of a plea bargain, here the written plea did not reference agreement to the consecutive sentence. Yet, the State asserts that it and Benites Garcia's counsel seemed to assent to that determination, as Benites Garcia's attorney noted the sentence "should allow him to be eligible for parole even though it's going

to be run consecutive to the other matter." But if that were so it does not make sense that at the time of sentencing, the State argued:

> Your Honor, it's my understanding that there is an agreement between the parties at this time as to what the sentencing should be and so given that there's an agreement between the parties, I guess the only argument that I would make as to the two sentences being run consecutive to one another that being the sentence in this case as well as the—running consecutive to the sentence in the defendant's additional probation violation [f]elony case is that these are separate offenses and I believe that based on the defendant's criminal history, in addition to the facts and circumstances of the case at hand, that consecutive sentences are appropriates in this matter.

Here the sentencing court did not adhere to the directive of *Hill* as the record is devoid of any reasons for the sentencing court's imposition of consecutive sentences. *See* 878 N.W.2d at 274 (requiring at a minimum a terse and succinct explanation for the sentencing decision "'to allow appellate review of the trial court's discretionary action' to impose a consecutive sentence" (citation omitted)). The sentencing court again asked Benites Garcia if he was still in agreement with the plea. While the court's reasoning might be the same as given for the sentence of incarceration, we cannot know that from this record. *See id.* at 275 (finding the reasons could be the same, but the court was required to make that clear on the record). Accordingly, we reverse the sentencing order and remand the case for resentencing.

We find Benites Garcia lacks good cause to challenge to his guilty plea, so we lack the authority to consider it. *See Tucker*, 959 N.W.2d at 149. As for his claims directed at his sentencing, for the reasons stated, we reverse his sentence and remand to the court for resentencing.

**CONVICTION AFFIRMED; SENTENCE REVERSED AND REMANDED.**